IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:23-cv-8306 |
| v. | ) ) | **COMPLAINT** |
| 299 MADISON AVE LLC, d/b/a LIBRARY HOTEL | ) ) ) | JURY TRIAL DEMANDED |
| Defendant | ) ) ) | |

NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Elizabeth "Eli" Perez who was affected by such unlawful employment practices. As alleged with greater particularity below, the U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant 299 Madison Ave LLC, doing business as Library Hotel ("Library Hotel" or "Defendant") discriminated against and constructively terminated Perez because of Perez's disabilities, and failed to comply with the statutory requirements for maintenance of employee medical information.

JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

2.      This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by

reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

PARTIES

4.      Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) & (3).

5.      At all relevant times, 299 Madison Ave. LLC, doing business as Library Hotel, has continuously been and is now a domestic limited liability corporation registered in New York, New York that operates a transient hotel in New York, New York.  Library Hotel has continuously been and is now doing business in the state of New York and the City of New York and has continuously had at least fifteen (15) employees.

6.      At all relevant times, Library Hotel has continuously been an employer in an industry affecting commerce under Section 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7).

7.      At all relevant times, Library Hotel has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

<u>ADMINISTRATIVE PROCEDURES</u>

7.      More than thirty days prior to the institution of this lawsuit, Eli Perez filed a charge with the Commission alleging violations of the ADA by Library Hotel.

8.      The Commission investigated Perez's charge of discrimination.

9.      On July 18, 2023, the Commission issued a Letter of Determination to Library Hotel finding reasonable cause to believe that Library Hotel violated the ADA and inviting Library Hotel to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

10.      The Commission engaged in communications with Library Hotel to provide Library Hotel the opportunity to remedy the discriminatory practices alleged in the Letter of Determination.

11.      On August 29, 2023, the Commission issued to Library Hotel a Notice of Failure of Conciliation advising Library Hotel that the Commission was unable to secure from Library Hotel a conciliation agreement acceptable to the Commission.

12.      All conditions precedent to the institution of this lawsuit have been fulfilled.

**<u>STATEMENT OF CLAIMS</u>**

LIBRARY HOTEL DISCRIMINATED AGAINST PEREZ BY REFUSING TO REASONABLY ACCOMMODATE PEREZ'S KNOWN DISABILITIES AND BY CONSTRUCTIVELY TERMINATING PEREZ'S EMPLOYMENT.

13.      Since April 11, 2022, Defendant Library Hotel has engaged in unlawful employment practices in violation of Sections 102(a) & (b)(1) of Title I of the ADA, 42 U.S.C. §§ 12112(a) & (b)(1), when it discriminated against Perez in the terms and conditions of Perez's employment and constructively discharged Perez's employment because of Perez's disability.

14.     Perez is a qualified individual with disabilities under Section 3 and 101(8) of the ADA, 42 U.S.C. § 12102 and 12111(8).  Perez has musculoskeletal impairments known to Library Hotel, including hypermobility, bone spurs in Perez's right ankle, and severe pain in Perez's back, ankles, and knees that substantially limit, among others, the major life activity of standing and substantially limit the operation of Perez's musculoskeletal system, a major bodily function.

15.     On or around April 11, 2022, Perez began working as a Guest Service Agent ("front desk agent") at Library Hotel in New York, New York.

16.     As a front desk agent, Perez's responsibilities included assigning rooms, checking guests in and out of rooms, printing room keys, processing payments and deposits, taking reservations, providing concierge services, answering guests' questions, and providing "exceptional customer service."  Perez's duties occasionally included certain "bell staff" functions, including lifting guests' luggage into a storage closet, assisting guests in hailing taxis, and delivering amenities and packages to guests' rooms.

17.     At all relevant times, Perez was qualified to perform the essential functions of the Guest Service Agent position, with or without a reasonable accommodation.

18.     Library Hotel maintained a company policy requiring front desk agents to stand while working at the front desk.

19.     As a front desk agent, Perez was typically scheduled to work five days per week between 7:00 a.m. and 3:00 p.m. or from 3:00 p.m. and 11:00 p.m.  Perez was frequently required to stand behind Library Hotel's front desk for multiple hours at a time because of Library Hotel's company policy.

20.     On December 13, 2022, Perez transmitted an email to Library Hotel General Manager Robert Rawlins stating: "I'm writing to make a reasonable request for accommodation for my disability.  My request is for there to be a chair or stool available to me at the front desk." Perez's December 13, 2022, email to Rawlins further stated: "I'm making this request because I can no longer stand up for 40 hours a week, as it has become detrimental to my physical health. I have a bone spur in my right heel and my left knee is injured due to overcompensation, both of which are symptoms of hypermobility, for which I am currently being treated."

21.     At Rawlins' request, Perez provided documentation of Perez's medical condition and need for accommodation from Perez's healthcare provider.

22.     The only reasonable accommodation that Perez requested was to have a chair or stool available to sit upon while working at Library Hotel's front desk.

23.     On January 4, 2023, Rawlins and Rawlins' supervisor, Managing Director Peter Velk, received an email from human resources consultant Ruthann Laswick regarding Perez. Laswick's January 4, 2023, email to Rawlins and Velk stated: "Please assure her [Perez] that we appreciate the position she is in and completely understand the medical need.  However, company policy is and continues to be that our FDA [front desk agents] are not seated when working with a guest."

24.     After receiving the January 4, 2023, email from Laswick, Rawlins, Velk, and Soukiassian met with Perez to discuss Perez's request for a reasonable accommodation for Perez's disabilities.  During the January 4, 2023, meeting, Library Hotel declined Perez's requested accommodation to have a chair or stool available to sit upon while working at Library Hotel's front desk.

25.     During the January 4, 2023, meeting, Library Hotel did not discuss any potential accommodations that would enable Perez to continue working as a front desk agent despite Perez's disabilities.

26.     The only accommodation that Library Hotel discussed with Perez was to potentially transfer Perez to one of two different positions at Library Hotel: Accounting Clerk and Night Auditor.

27.     During the January 4, 2023, meeting, Rawlins told Perez that the Accounting Clerk position was not a vacant position and that Perez would need to apply for it, and Perez believed that Perez was not qualified for the position.  The Night Auditor position worked an eight-hour shift between 11:00 p.m. and 7:00 a.m.  Perez declined both the potential Night Auditor and Accounting Clerk positions that Library Hotel proposed during the January 4, 2023, meeting.

28.     Robert Rawlins provided a letter to Perez dated January 11, 2023, stating that Library Hotel was unable to grant Perez's request for a reasonable accommodation for Perez's disabilities.

29.     Perez continued to work as a front desk agent at Library Hotel between January 2023 and March 2023 without a reasonable accommodation by enduring significant pain during nearly every shift, performing self-massage and physical therapy exercises whenever possible, and missing work when the pain from Perez's impairments became unbearable.

30.     On March 13, 2023, Perez sent supervisor Soukiassian a text message stating: "unfortunately this job is slowly wrecking my body and I'm not doing very well health-wise…. I do hope to be back tomorrow, but I can't even stand up straight right now, much less for 8 hours."

31.     On March 14, 2023, Perez attempted to move a stool behind the front desk to alleviate Perez's back pain enough to complete Perez's shift.  However, Library Hotel sent Perez home rather than allowing Perez to sit down.

32.     On March 14, 2023, at 10:18 p.m., Perez's supervisor Gary Diaz transmitted an email to Soukiassian regarding Perez stating: "this whole 'sit down at the desk' thing has been an ongoing issue" and that Perez "knew that what she was doing was against the rules."

33.     Perez resigned from Library Hotel on March 15, 2023, because Perez could no longer endure the physical pain and increasingly severe impairments caused by Library Hotel's refusal to accommodate Perez's known disabilities.

LIBRARY HOTEL FAILED TO MAINTAIN PEREZ'S MEDICAL INFORMATION SEPARATELY FROM PEREZ'S PERSONNEL FILES AND FAILED TO TREAT PEREZ'S MEDICAL INFORMATION AS A CONFIDENTIAL MEDICAL RECORD.

34.     Since April 11, 2022, Defendant Library Hotel has engaged in unlawful employment practices in violation of Sections 102(c)(3)(B) & (4)(C) of Title I of the ADA, 42 U.S.C. § 12112(d)(3)(B) & (4)(C), by commingling Perez's medical information with Perez's personnel file, violating the statutory requirement that employers must maintain information regarding employees' medical condition in separate medical files and treat such information as a confidential medical record.

35.     Library Hotel commingled information obtained regarding Perez's medical conditions with Perez's personnel file, including but not limited to: (1) Perez's December 13, 2022, reasonable accommodation request, which discussed and identified Perez's specific medical conditions; and (2) healthcare provider notes that Perez submitted to Robert Rawlins dated December 16, 2022, December 27, 2022, and December 31, 2022.

36.     By failing to accommodate Perez's known disabilities, as set forth in paragraphs 14-33 above, Library Hotel violated its obligation under the ADA to reasonably accommodate Perez's disabilities.

37.     By failing to discuss any potential accommodation with Perez that would have enabled Perez to perform the front desk associate position, as set forth in paragraphs 14-33 above, Library Hotel violated its obligation under the ADA to engage in an interactive process to reasonably accommodate Perez's known disabilities.

38.     By constructively terminating Perez's employment because of its failure to accommodate Perez's known disabilities, as set forth in paragraphs 14-33 above, Library Hotel deprived Perez of equal employment opportunities and otherwise adversely affected Perez's status as an employee because of Perez's disabilities.

39.     By commingling Perez's medical information with Perez's personnel file, as set forth in paragraphs 34-35 above, Library Hotel failed to maintain information regarding Perez's medical condition in a separate medical file and failed to treat the same information as a confidential medical record.

40.     The unlawful employment practices complained of above were intentional.

41.     The unlawful employment practices complained of above were done with malice or reckless indifference to Perez's and other similarly aggrieved employees' rights.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disability discrimination, and from engaging in any employment practice that discriminates on the basis of

disability, failing to store the medical information of its employees separately from personnel records, or otherwise failing to treat employees' medical information as a confidential medical record.

      B.     Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities and reasonable accommodations for qualified individuals with disabilities and that eradicate the effects of its past and present unlawful employment practices.

      C.     Order Defendant to make Perez whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including instatement or reinstatement of Perez and other similarly aggrieved employees.

      D.     Order Defendant to make Perez whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

      E.     Order Defendant to make Perez whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain, suffering, inconvenience, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

      F.     Order Defendant to pay Perez punitive damages for the malicious and/or reckless conduct described above, in amounts to be determined at trial.

      G.     Grant such further relief as the Court deems necessary and proper to the public interest.

      H.     Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Dated: September 20, 2023

GWENDOLYN YOUNG REAMS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
131 M Street, N.E.
Washington D.C. 20507

JEFFREY BURSTEIN
Regional Attorney
jeffrey.burstein@eeoc.gov

NORA E. CURTIN
Assistant Regional Attorney
nora.curtin@eeoc.gov

/s/ Cara B. Chomski
CARA B. CHOMSKI
Trial Attorney
cara.chomski@eeoc.gov

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(929) 506-5278 (telephone)
(212) 336-3623 (fax)