IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> 299 MADISON AVE LLC, d/b/a LIBRARY HOTEL, <br><br> Defendant. | CIVIL ACTION NO. 1:23-cv-08306 (LGS) |

**CONSENT DECREE**

Plaintiff United States Equal Employment Opportunity Commission ("EEOC") filed this action alleging that Defendant 299 Madison Ave. LLC, d/b/a Library Hotel ("Defendant") violated the Americans with Disabilities Act of 1991, as amended ("ADA"), and to obtain appropriate relief for the Charging Party harmed by such practices. Specifically, the EEOC alleged Defendant failed to provide Charging Party with a reasonable accommodation for her disabilities as well as failed to properly maintain the personnel and medical records of the Charging Party separately.

Defendant does not admit any of the allegations in the EEOC's Complaint and denies that it violated the ADA in any way. However, the EEOC and Defendant (collectively, the "Parties") have agreed that this action should be resolved by entry of this Consent Decree ("Decree"). The Parties, therefore, hereby stipulate and consent to the entry of this Decree as final and binding on the Parties, including Defendant's successors, assigns, subsidiaries, and any other entity with which Defendant may merge or consolidate. The Parties have agreed that

1

this Decree may be entered into without findings of fact and conclusions of law having been made or entered by the Court.

In consideration of the mutual promises and agreements contained in this Decree, the sufficiency of which is hereby acknowledged, the Parties agree as follows, this Court finds appropriate, and it is therefore ORDERED, ADJUDGED, AND DECREED that:

I.  **GENERAL PROVISIONS**

1. This Decree is final and binding on the Parties and resolves the claims alleged in the EEOC's Complaint in this case, which arose from EEOC Charge No. 520-2023-02037. This Decree does not resolve any other charge of discrimination pending before the EEOC or any charge that may be filed in the future.

2. The Parties agree and the Court finds that this Court has jurisdiction over the subject matter of this action and the Parties, that venue is proper, and that all administrative prerequisites have been met.

3. By mutual consent of the Parties, this Decree may be amended in the interests of justice and fairness, and to facilitate execution of this Decree's provisions. Unless otherwise specifically noted herein, no waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all the Parties to this Decree, and approved or ordered by the Court.

4. No party shall contest the Court's jurisdiction to enforce this Decree and its terms or the right of either party to bring an enforcement action upon breach of any term of this Decree in any federal court with jurisdiction. Breach of any term of this Decree shall be deemed to be a material, substantive breach of this Decree. The Court will retain jurisdiction over any such enforcement proceeding initiated during the duration of this Decree. Nothing in this Decree will be construed to preclude either party from bringing proceedings to enforce this Decree in the

event that either Party fails to perform any of the promises or representations herein. This Decree will be construed by this Court under applicable federal law.

5. If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will apply to ensure that this Decree continues to effectuate the intent of the Parties: the provisions of this Decree that are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the Parties' responsibilities will remain unchanged.

6. The terms of this Decree represent the full and complete agreement of the Parties.

**II.  DEFINITIONS**

1. "Defendant" means Defendant 299 Madison Ave. LLC, d/b/a Library Hotel, its officers, managers, agents, successors, assigns, full or partial purchasers, subsidiaries, and any other corporation or other entity into which Defendant may merge, consolidate, or otherwise become affiliated with, and any entities in active concert with it.

2. "Day" or "days" mean calendar days and includes weekends and holidays.

3. "Effective Date" means the date this Decree is entered by the Court.

4. "Employee(s)" means any individual employed directly by Defendant and/or individuals employed by Defendant through a third-party, such as a staffing agency.

5. "Charging Party" means Mx. Elizabeth Perez.

**III.  DURATION AND EXECUTION**

1. The duration of the Decree shall be for a period of three (3) years immediately following the Court's execution of this Decree.

2. If the EEOC notifies Defendant in writing not less than thirty (30) days before the expiration of this Decree that Defendant is not in compliance with any of the terms of this

3

Decree, Defendant's obligations under this Decree will not expire while any negotiation concerning the compliance issues raised is ongoing or any enforcement action concerning the Decree is pending.

3.  The Court retains jurisdiction over this action during the duration of this Decree and will have all available powers to enforce this Decree including, but not limited to, monetary sanctions and injunctive relief.  The matter may be administratively closed, but will not be dismissed during the duration of this Decree.

## IV.  INJUNCTIVE RELIEF

1.  Defendant is enjoined from commingling the personnel and medical records of its employees.  Defendant shall properly maintain, in accordance with the ADA, the medical records of its employees in a separate file from employees' personnel records.

2.  Defendant is enjoined from enforcing any "Standing Only" Policy against employees with disabilities where the employee's disability prevents them from standing during the entirety of the work shift.

3.  Defendant shall take all affirmative steps to ensure that it does not apply its "Standing Only" policy uniformly to preclude reasonable accommodations for applicants or employees with disabilities and to ensure that it engages in an individualized interactive process with employees with disabilities who request accommodation.

4.  Defendant is enjoined from engaging in retaliation of any kind against qualified individuals who have requested a reasonable accommodation for their disability pursuant to the ADA, or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing related to such request for accommodation.

## V.  MONETARY RELIEF

1.  Within three (3) days of the Effective Date of this Decree, the EEOC will

provide Defendant with details concerning the address where the payments and tax documents referenced in this Section shall be delivered, as well as an IRS Form W-9 and IRS Form W-4 needed to process payment.

    2.    Within fourteen (14) days of the receipt of the information from the EEOC referenced in Paragraph 1 of this Section, Defendant will make the following payments in the manner described below:

    a. Defendant shall issue a check to Charging Party in the amount of $6,425.96, subject to regular employment withholding, representing lost wages and benefits (inclusive of interest).  This payment shall be reflected on an IRS form W-2;

    b. Defendant shall issue a check to Charging Party in the amount of $35,574.04 from which no withholding will be made (subject to an IRS Form 1099), representing compensatory non-economic damages;

    c. Checks for each of the payments referenced in this Section shall be sent via national courier, overnight mail, or certified mail (proof of delivery requested);

    d. Checks for each of the payments referenced in this Section shall be delivered to the Charging Party no later than the twenty-second (22nd) day following the Effective Date and Defendant, through its selected agent, shall obtain proof of personal delivery by tracking information; tracking information will also be provided to the EEOC;

    e. A photocopy of each check and the related tax documents referenced in this Section and any related correspondence shall also be sent to the EEOC via email to andres.puerta@eeoc.gov and consentdecreemonitor@eeoc.gov and by Regular U.S. mail to Consent Decree Monitor, U.S. EEOC, 33 Whitehall Street, 5th Floor, New York, NY 10004 at the same time the documents are sent to

Charging Party.

3.     The total of the payments set forth in this Section is a debt owed to and collectible by the United States Government, for the benefit of the Charging Party.

4.     Failure to make payments as described in this Section is a material breach of this agreement and is exempted from the dispute resolution procedure described in Section XIV below.

5.     If Defendant fails to tender the payment described in this Section, Defendant will pay interest on the defaulted payment(s) at the rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs and expenses incurred by Defendant's non-compliance or delay including, but not limited to, those costs relating to collection.

## VI.   POSTINGS AND NOTICES

1.     Within seven (7) days of the Effective Date of this Decree, Defendant will post EEOC's "Know Your Rights-Workplace Discrimination is Illegal" poster, issued on October 22, 2022, in conspicuous places where employee notices are posted, including electronic spaces, and Defendant will ensure copies are posted in English and in Spanish.

2.     Within seven (7) days of the Effective Date of this Decree, Defendant will sign and conspicuously post a Notice to Employees drafted by the EEOC and attached hereto as Attachment A.  Defendant will post copies of the Notice on all employee bulletin boards and in all employee break rooms in both English and Spanish. The Notice to Employees will remain posted in the manner described in this Paragraph for the full duration of the Decree. If the Notice becomes defaced or illegible, Defendant will replace it with a clean copy.

## VII.  POLICIES AND PROCEDURES

1.     Within thirty (30) days of the Effective Date of this Decree, Defendant will

amend the "AMERICANS WITH DISABILITIES ACT (ADA) AND REASONABLE ACCOMMODATION" policy as follows:

    a.    To include a definition of disability under the ADA, including at least one example of a physical impairment;

    b.    To explain that Defendant will engage with an individual requesting an accommodation to determine what accommodation is being requested, what accommodation would be effective and what accommodation could be provided, including by suggesting possible accommodations;

    c.    To state that employees who engage in protected activity, including making a request for accommodation, are protected from retaliation;

    d.    To make clear that Defendant shall identify by title(s) the individuals to whom requests for disability accommodations should be directed, as well as provide appropriate contact information;

    e.    To make clear to employees the procedure for requesting a reasonable accommodation under the ADA;

    f.    To explain each step in the process to occur after a request for an accommodation is made and the time frame for each step in the process; and

    g.    To make clear that Defendant will provide a hotline, phone number, or e-mail address where an applicant or employee can ask questions about the accommodation process and to which requests for reasonable accommodation may be directed.

2.    Within seven (7) days of amending its policies and procedures regarding accommodations as required in this Section, Defendant will provide a copy of its amended

"AMERICANS WITH DISABILITIES ACT (ADA) AND REASONABLE ACCOMMODATION" policy to all employees that are subject to the policy. Defendant will also provide a copy of its revised accommodation policy to all employees hired after the Effective Date of this Decree within seven (7) days of their effective hire date.

       3.      Defendant shall revise its Employee Handbook to include the revised "AMERICANS WITH DISABILITIES ACT (ADA) AND REASONABLE ACCOMMODATION" policy no later than one (1) year following the Effective Date of this Decree.

## VIII. TRAINING

       1.      All training described below shall be mandatory for the duration of the Decree.

       2.      Defendant shall document employee attendance at all training required by this Decree by having all employees verify their attendance in writing, including date of attendance. Defendant shall maintain copies of these attendance-verification documents for the duration of the Decree.

       3.      Within sixty (60) days of the Effective Date of this Decree, and for each year thereafter that this Decree is in effect, Defendant will provide to all its non-supervisory employees a one (1) hour interactive training, which may be conducted live in-person or live via web platform, on the Americans with Disabilities Act, as amended. The training will be completed during the employees' paid working hours and shall include an overview of the requirements of the ADA, and will address the following topics:

            a.      A statement that disability discrimination and retaliation is against the law;

            b.      A definition of disability under the ADA, with examples of disabilities, including at least one physical impairment;

            c.      Examples of circumstances where an employee may request a reasonable

accommodation;

d. An explanation of how an employee can request a reasonable accommodation, including identifying the individual to whom a request can be made and listing a hotline, phone number, or e-mail address where an applicant or employee can submit such complaints or concerns to which requests for reasonable accommodation may be directed;

e. An explanation of the interactive process after requesting a disability and Defendant's obligation to engage in the interactive process in connection in the ADA;

f. A statement that the ADA also protects persons who request accommodations for their disability against retaliation;

g. A definition of retaliation and statement that retaliating against employees who request accommodations or protected activity is against the law;

h. Examples of conduct by an employee that is protected activity (*i.e.*, making an accommodation request, opposing or reporting discrimination or harassment, or participating in an investigation or filing a Charge of Discrimination with a local, state, or federal agency;

i. Examples of the types of conduct that may constitute retaliation;

j. The consequences for engaging in retaliatory conduct;

k. The worker's right to be free from retaliation and responsibility to refrain from conduct that may constitute retaliation;

l. An explanation of Defendant's reasonable accommodation policy and complaint processes, including how an investigation will take place and an assurance that persons who report discrimination or harassment or

9

>     provide information as part of any investigation will not be subject to retaliation; and
>
> m.  Identification of federal, state, or local agencies responsible for enforcing anti-discrimination laws, a statement that employees can also make complaints to these agencies, and contact information for each agency.

4. Within sixty (60) calendar days of the Effective Date of this Decree, and for each year thereafter that this Decree is in effect, Defendant will provide to its management, supervisory and human resources employees a two (2) hour interactive training, which may be conducted live in-person on the Americans with Disabilities Act, as amended. The training will include essential information concerning the requirements of the ADA and will address the following topics:

> a.  The prohibition against discriminating against applicants and employees with disabilities including:
>
>> i.  the unlawful reliance on stereotypes about people with disabilities; and
>>
>> ii. the fact that workplace policies like the "Standing Only" policy remain subject to the requirements of the ADA.
>
> b.  Examples of disabilities, including both physical and mental impairments;
>
> c.  The requirement to provide a reasonable accommodation;
>
> d.  An explanation of what steps managerial employees must take if they receive a request for reasonable accommodation or an inquiry for information;
>
> e.  The requirement to engage in an individualized, interactive process with an applicant or employee who requests an accommodation, and how to do

    so effectively;

 f. Examples of requests for reasonable accommodation;

 g. How to identify potentially effective accommodations for persons with disabilities;

 h. How to assess the existence of undue hardship;

 i. The prohibition against retaliation for employees or applicants who make accommodation requests, complain about disability discrimination or harassment, or engage in another protected activity covered by the ADA;

 j. Examples of conduct that may constitute retaliation under the ADA;

 k. The prohibition against interference with a person's ADA rights;

 l. A discussion of the need for confidentiality when discussing disability in the workplace including the ADA's requirement that all information related to employees' medical conditions must be maintained in separate files from the employee's personnel records and treated as a confidential medical record; and

 m. A review of Defendant's policies relating to the ADA and an explanation of the rights and responsibilities of applicants, employees, and managers under the policies.

5. The training described in this Section will be developed and provided by an independent, third-party subject matter expert ("SME") agreed to by the EEOC. Defendant will identify its chosen SME to the EEOC, along with a resume/CV description of the SME's qualifications, at least twenty (20) days prior to each training session. The EEOC will not unreasonably withhold agreement on the SME.  At least five (5) days prior to each training session required by this Decree, Defendant will submit to the EEOC an agenda for the training

program by electronic mail to andres.puerta@eeoc.gov and decreemonitor.nydo@eeoc.gov.

6. Within fifteen (15) business days after completion of each training session, Defendant will certify to the EEOC in writing via email (andres.puerta@eeoc.gov and decreemonitor.nydo@eeoc.gov) that the training was conducted, and attach copies of training materials used and a roster of all personnel in attendance.

7. The EEOC reserves the right to attend any training session required by this Decree and shall provide reasonable notice of its intention to attend.

## IX.   RECORDKEEPING AND REPORTING

1. The EEOC may review Defendant's compliance with the provisions of this Decree. As part of its review, and upon reasonable, written notice, the EEOC may inspect Defendant's facility, interview employees, and examine and copy documents with no more frequency than once a month. At EEOC's request, Defendant shall provide an employee list containing the job titles, names, home and email addresses, and telephone numbers as reflected on, and to the extent available in, Defendant's records, for all then-current employees within ten (10) days. Defendant shall not interfere with the EEOC's efforts to interview employees. Defendant will also make management employees available to the EEOC for interview for the purpose of verifying compliance with this Decree.

2. For the duration of this Decree, Defendant must create and/or maintain such records as are necessary to demonstrate its compliance with this Decree including records to demonstrate compliance with Section V(2)(e), VI, VII, VIII(2), VIII(5), IX(3), XI, and XII of this Decree.

3. Every six (6) months from the Effective Date of this Decree, Defendant will report the following information to the Commission:

   a. Receipt of any request to accommodate a disability received during the six (6)

       month period;

    b. the name and job title of the individual making the request;

    c. the name and job title of any individuals involved in evaluating the request, including involvement with an interactive process; and

    d. the outcome of each requested accommodation.

4. Within six (6) months of the Effective Date of this Decree, Defendant will submit copies of all documents implementing changes in employment policies and practices referenced in this Decree, and records of the conduct of training programs, specifying the date and place of training and including a list of attendees.

## X. NEUTRAL REFERENCE FOR CHARGING PARTY

1. To the extent she is asked to provide employment references, the Charging Party shall direct such reference inquiries to Robert Rawlins, or his successor as General Manager. Upon such inquiry, Mr. Rawlins, or his successor as General Manager, shall provide a neutral reference regarding Charging Party's employment, including Charging Party's position and dates of employment. No mention of employment complaints or issues, discrimination, or the Charge of Discrimination, shall be made part of any reference.

## XI. ANNUAL EXECUTIVE MESSAGE

1. Each year this Consent Decree is in effect, on the Effective Date anniversary, an executive for Defendant shall release a message, in either a video message, e-mail, or internal memorandum, to all employees containing a statement of the company's commitment to the full inclusion of all qualified individuals in the workforce, including those with disabilities. Nothing in this paragraph is meant to limit what is addressed in the annual statement, but only to identify a minimum message.

XII.   **MESSAGE TO APPLICANTS**

1.   Defendant shall include the following statement and link on all physical and electronic applications for employment, and will include this statement on wherever Defendant posts or advertises job openings:

   a.   *"Library Hotel is committed to the full inclusion of all qualified individuals. As part of this commitment, Library Hotel will ensure that persons with disabilities are provided reasonable accommodations in the hiring process. If reasonable accommodation is needed to participate in the job application or interview process or to perform essential job functions, please contact Robert Rawlins, our General Manager team by phone at 212-204-5410 or via email at Robert@libraryhotel.com.*

XIII.   **DECREE COMMUNICATIONS**

1.   Except as otherwise provided for in this Decree, all notifications, reports, or other communications to the Parties pursuant to this Decree shall be made in writing and sufficient as emailed (or, with advance written permission, mailed) to the following persons (or their designated successors):

   a.   For the EEOC:

| **Consent Decree Monitor** | **Kimberly A. Cruz** | **Andres F. Puerta** |
|---|---|---|
| EEOC Legal Unit | Assistant Regional Attorney | Trial Attorney |
| 33 Whitehall Street, 5th Floor | 33 Whitehall Street, 5th Floor | Newark Area Office |
| New York, NY 10004 | New York, NY 10004 | Two Gateway Center |
| Decreemonitor.nydo@eeoc.gov | (929) 506-5345 | 17th Floor |
| | kimberly.cruz@eeoc.gov | Newark, NJ 07102 |
| | | andres.puerta@eeoc.gov |

      b.      For Defendant:

| | |
|---|---|
| **Robert Rawlins** | **Aaron Solomon, Esq.** |
| General Manager | Kaufman Dolowich LLP |
| Library Hotel by Library Hotel Collection | 135 Crossways Park Drive, Suite 201 |
| 299 Madison Avenue at 41st Street | Woodbury, New York 11797 |
| New York, NY 10017 | ASolomon@kaufmandolowich.com |
| Robert@libraryhotel.com | |

Notwithstanding this paragraph, either party may change such addresses or identify a different designee by written notice to the other party setting forth a new address for this purpose or identifying a different designee without Order of the Court or approval of the other party.

### XIV. DISPUTE RESOLUTION

1. In the event that the EEOC believes that Defendant has failed to comply with any provision(s) of the Decree, except with regard to the payments referred to in Section 5 above, the EEOC will notify Defendant and it must make a good faith attempt to identify, discuss and obtain the cure of any breach of the Decree within fifteen (15) days of notification.

2. Following the fifteen (15) days-to-cure period, if the EEOC still believes that Defendant has failed to comply with the provision(s) of the Decree identified, the EEOC shall have the right to seek Court intervention.

3. Upon motion of the EEOC, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree.

### XV. COSTS

1. Each party to this Decree shall bear its own attorneys' fees and costs associated with this litigation.

### XVI. THE EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) AND 6050X

1. The EEOC may be required to report the fact of this settlement to the Internal

15

Revenue Service ("IRS") under Section 162(f) and 6050X of the Internal Revenue Code ("IRC"), which allow for certain payments by employers to be deducted from the employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the IRS.

2. The Defendant's EIN is 13-4033323. The individual to whom the EEOC should mail a copy of the 1098-F form, if the EEOC is required to issue one, is:

Robert Rawlins
General Manager
Library Hotel by Library Hotel Collection
299 Madison Avenue at 41st Street
New York, NY 10017
Robert@libraryhotel.com

Notwithstanding this paragraph, Defendant may change such addresses or identify a different designee by written notice to the EEOC setting forth a new address for this purpose or identifying a different designee without Order of the Court or approval of the other party.

3. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the IRC.

4. The provision of the 1098-F form by the EEOC does not mean that the requirements to claim a deduction under the IRC have been met.

5. Any decision about a deduction pursuant to the IRC will be made solely by the IRS with no input from the EEOC.

6. The Parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this Decree qualify for a deduction under the IRC.

### XVII. NOTIFICATION OF SUCCESSORS

1. Defendant shall provide prior written notice to any potential purchaser of its

business or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, of the EEOC's lawsuit, the allegations raised in the EEOC's Complaint, and the existence and contents of this Decree. Defendant will provide written notice to the EEOC twenty-one (21) days before any transfer of its business, or any part thereof.

**SO ORDERED, ADJUDGED, AND DECREED.**

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 25.

Dated: January 25, 2024

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Dated: 1/24/2024

FOR PLAINTIFF
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

*/s/ Jeffrey Burstein*
_____
JEFFREY BURSTEIN
Regional Attorney
33 Whitehall Street, 5th Floor
New York, NY 10004
(929) 506-5320
jeffrey.burstein@eeoc.gov
(929) 506-5345
kimberly.cruz@eeoc.gov

Dated: 1/19/2024

FOR DEFENDANT 299 MADISON AVE.
LLC D/B/A LIBRARY HOTEL

*/s/ R. Rawlins*
_____
ROBERT RAWLINS
General Manager
Library Hotel by Library Hotel Collection
299 Madison Avenue at 41st Street
New York, NY 10017
Robert@libraryhotel.com

*As to form:* _____

Aaron N. Solomon, Esq.
Kaufman Dolowich & Voluck LLP
135 Crossways Park Drive, Ste. 201
Woodbury, New York 11797
(516) 681-1100
asolomon@kaufmandolowich.com

# ATTACHMENT A

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## <u>NOTICE OF SETTLEMENT</u>

The U.S. Equal Employment Opportunity Commission ("EEOC") is federal agency that enforces laws against discrimination in the workplace. Library Hotel entered into a settlement with the EEOC based on a lawsuit that alleged Library Hotel violated the ADA by discriminating against and failing to provide an accommodation for a disabled employee. Defendant does not admit any of the allegations in the EEOC's Complaint and denies that it violated the ADA in any way. Pursuant to this settlement, Library Hotel must post this notice and make certain other changes, including offering training to you explaining your rights under the American with Disabilities Act, are accomplished. Under federal law, your employer cannot discriminate against you because of your disability, because you have a record of a disability, or because they believe you have a disability. A disability is a physical or mental condition that substantially limits a major life activity (such as walking, talking, seeing, hearing, concentrating, learning, or the operation of a major bodily function). A few examples of disabilities are:

- Epilepsy
- HIV
- Cancer
- Missing Limbs
- Gestational Diabetes
- Cerebral Palsy
- Bipolar Disorder
- Autism
- Deafness
- Blindness
- Multiple Sclerosis
- Major Depressive Disorder
- Post-Traumatic Stress Disorder

An employer cannot discriminate against you because of your disability, including in hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits, and any other term or condition of employment.

Employers must also provide reasonable accommodations to qualified disabled job applicants or employees who need one. A reasonable accommodation is any change in the work environment (or in the way things are usually done) to help a person with a disability apply for a job, or perform the duties of a job, such as making the workplace wheelchair-accessible, modifying an employee's schedule or transferring them to another open position for which they are qualified.

Library Hotel will comply with the Americans with Disabilities Act. If you need an accommodation, have been discriminated against because of your disability, or if you were refused an accommodation for your disability, report it to Robert Rawlins, General Manager. Employees who seek accommodations or make complaints of discrimination are protected from retaliation by law. You can also make a complaint of discrimination, harassment, or retaliation directly to the EEOC. To do so, or if you have questions about this posting, contact the EEOC at:

**U.S. Equal Employment Opportunity Commission**
Newark Area Office
Two Gateway Center, 17th Floor
Newark, New Jersey 07102



Phone: **1-800-669-4000;** TTY (for hearing impaired): **1-800-669-6820** | ASL Video Phone (for hearing impaired):**1-844- 234-5122**
Website: http://www.eeoc.gov

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED OR COVERED BY ANY OTHER MATERIAL**
**This notice must remain posted for four (4) years from date shown above, and must not be altered, defaced, or covered by any other material. Any question concerning this Notice or compliance with its provision may be directed to the U.S. Equal Employment Opportunity Commission at the number listed above.**